1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAMAR SINGLETON, SR.,                    No.  2:15-cv-0783 MCE KJN P

12                  Plaintiff,

13        v.                                   ORDER

14   DR. FORTUNE, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, and is currently housed at Mule

18   Creek State Prison.  Two motions are pending, which the court addresses seriatim.

19   I.  Defendant's Motion to Dismiss

20        Defendant Dr. Fortune moves to dismiss this action under Rule 12(b)(6) of the Federal

21   Rules of Civil Procedure, because he contends that plaintiff fails to allege facts showing that

22   plaintiff complied with the mandatory requirement to exhaust administrative remedies.  (ECF No.

23   34 at 1, 2, 4.)  Because defendant's motion is unsupported by binding legal authority, plaintiff is

24   relieved of his obligation to respond to the motion.  As set forth below, defendant's motion is

25   denied without prejudice.

26        A.  Standards Governing Exhaustion

27        The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

28   provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

1

§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Generally, dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must be brought and decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc). The Ninth Circuit relied on the fact that "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" Id., 747 F.3d at 1166, quoting Jones v. Bock, 549 U.S. 199, 204, 216 (2007). Defendant bears the burden of proving that there was an available administrative remedy that the prisoner did not exhaust. Albino, at 1172. If defendant meets this burden, then the burden shifts to plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. In adjudicating summary judgment on the issue of exhaustion, the court must view all the facts in the record in the light most favorable to plaintiff. Id. at 1173.

However, a motion for summary judgment is unnecessary "[i]n the rare event that a failure to exhaust is clear on the face of the complaint, [when] a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166 (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), insofar as it held that failure to exhaust should be raised by defendants as an "unenumerated Rule 12(b) motion."). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Bock, 549 U.S. at 215.

B. Discussion

Defendant's sole argument that plaintiff's failure to allege any facts showing that he has exhausted administrative remedies demonstrates that plaintiff failed to comply with the

1   mandatory requirement to exhaust administrative remedies is incorrect, and is against governing

2   Supreme Court and Ninth Circuit authority.[1]   Failure to exhaust is "an affirmative defense the

3   defendant must plead and prove." Bock, 549 U.S. at 204, 216.  Plaintiff is not required to plead

4   any facts concerning exhaustion.  Rather, it is defendant's burden, which plaintiff is then required

5   to rebut.  Thus, if a prisoner fails to address exhaustion in his pleading, defendant must file a

6   motion for summary judgment as required under Albino. 747 F.3d at 1169-70.

7          This is not the rare case where review of plaintiff's allegations demonstrates that he failed

8   to exhaust administrative remedies.  A pleading devoid of reference to administrative exhaustion

9   does not equate to a finding that the prisoner did not exhaust.  For example, in his original

10   complaint, plaintiff declared under penalty of perjury that he filed an inmate appeal concerning all

11   of the facts in his complaint, the process is completed, and plaintiff did not have all of his relief

12   granted at any level.  (ECF No. 1 at 2.)  Although the original complaint serves no function in

13   light of the amended complaint (Local Rule 220), it is instructive of why the court would not

14   grant defendant's motion on the basis of no allegations concerning exhaustion in the pleading.

15          Therefore, it would be improper for this court to find that plaintiff failed to exhaust his

16   administrative remedies on the basis that he did not address exhaustion in his amended complaint,

17   which he is not required to do.  Defendant's motion to dismiss is denied without prejudice.  Dr.

18   Fortune shall file a responsive pleading within fourteen days from the date of this order.

19   II.  Plaintiff's Request to Amend

20          On December 30, 2016, plaintiff filed a request to amend his complaint.  Plaintiff claims

21   that as soon as plaintiff received notice that Dr. Fortune would be summoned in this case, plaintiff

22   was weaned off Gabapentin and Methadone by Dr. Wong at Mule Creek State Prison ("MCSP").

23   Plaintiff was offered first generation anti-depression medication which upset his stomach and

24   subjected him to other side effects.  He allegedly defecated black stool from December 11, 2016,

25   to December 21, 2016, and was rushed to San Joaquin General Hospital, where he coded twice

26

27   _____

    [1]  This motion constitutes a waste of limited judicial resources.  Defendant is cautioned that such
28   motions are subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure, and
    counsel is admonished to refrain from filing such an unsupported motion in the future.

1   and nearly lost his life.  (ECF No. 33 at 1.)  After being returned to MCSP, "all specialist

2   medication for pain was refused, (Morphine and Gabapentin) which [were the] only medications

3   that stabilized plaintiff."  (ECF No. 33 at 2.)[2]  After being on methadone for five years, plaintiff

4   claims he was left to suffer withdrawal "cold turkey," causing him additional illnesses.  (Id.)

5   Plaintiff contends that these actions were taken in retaliation for plaintiff filing suit against Dr.

6   Fortune.  At the end of his request, plaintiff states that on December 11, 2016, other inmates

7   witnessed Correctional Officer Sheckiner or Shickner throw away plaintiff's legal papers while

8   plaintiff's personal property was being packed.  It is unclear where plaintiff was housed at the

9   time.

10          The instant action proceeds on plaintiff's claim that Dr. Fortune, a doctor at Pleasant

11   Valley State Prison ("PVSP"), violated plaintiff's Eighth Amendment rights by failing to follow a

12   specialist's recommendations to refer plaintiff for treatment for tumors on both of his kidneys to

13   prevent kidney cancer.

14          Plaintiff's request to amend is denied.  First, plaintiff's request was not accompanied by a

15   proposed amended complaint.  As a prisoner, plaintiff's pleadings are subject to evaluation by

16   this court pursuant to the in forma pauperis statute.  See 28 U.S.C. § 1915A.  Because plaintiff did

17   not submit a proposed amended complaint, the court is unable to properly evaluate it.

18          Second, plaintiff may join multiple claims if they are all against a single defendant.  Fed.

19   R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple

20   lawsuits.

21          The controlling principle appears in Fed. R. Civ. P. 18(a):  'A party
22   asserting a claim . . . may join, [] as independent or as alternate
        claims, as many claims . . . as the party has against an opposing
23   party.'  Thus multiple claims against a single party are fine, but
        Claim A against Defendant 1 should not be joined with unrelated
24   Claim B against Defendant 2.  Unrelated claims against different
        defendants belong in different suits, not only to prevent the sort of
25   morass [a multiple claim, multiple defendant] suit produce[s], but
        also to ensure that prisoners pay the required filing fees-for the

26   _____

27   [2]  Plaintiff also claims that Dr. Barrow was involved in the discontinuation of plaintiff's
     Gabapentin, but he also claims that Dr. Barrow never saw plaintiff.  (ECF No. 33 at 2.)  It is
     unclear where Dr. Barrow works.  In the future, plaintiff should use the court's civil rights
28   complaint form to assist the court and defendants in addressing plaintiff's claims.

Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

In the November 9, 2015 order, plaintiff was informed that allegations unrelated to his claim against Dr. Fortune must be pursued in other lawsuits.  (ECF No. 20 at 3.)  Indeed, the court found plaintiff's allegations against Dr. Fortune were unrelated to his claims against Dr. Wong.  (ECF No. 20 at 3.)  The new allegations raised in plaintiff's pending motion are largely based on events that occurred at MCSP, after plaintiff was transferred from PVSP, where Dr. Fortune is employed.  Plaintiff was housed at MCSP when he signed his original complaint on April 6, 2015.  (ECF No. 1.)  Plaintiff's contention that Dr. Wong and other parties at MCSP retaliated against plaintiff based on the instant action is not related to plaintiff's claims that Dr. Fortune violated plaintiff's Eighth Amendment rights while plaintiff was housed at PVSP.  Thus, plaintiff must raise his retaliation claims in a new civil rights action.  Plaintiff's request to amend the pleading in this action is denied.

Third, as explained above, plaintiff must first exhaust his administrative remedies as to any retaliation claims based on incidents at MCSP in December of 2016.

"Proper exhaustion [of administrative remedies] demands compliance with an agency's deadlines and other critical procedural rules."  Woodford v. Ngo, 548 U.S. 81, 95-96 (2006).  The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  Following amendments that took effect January 28, 2011, California prisoners are required to proceed through three levels of appeal to exhaust the administrative appeal process:  (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the CDCR.  See 15 Cal. Code Regs. § 3084.1-3084.9.  A final decision

from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C.
§ 1997e(a).  See Lira v. Herrera, 427 F.3d 1164, 1166-67 (9th Cir. 2005); see also Cal. Code
Regs. tit. 15, § 3084.7(d)(3) (as amended Dec. 13, 2010).

Given the new incidents occurred in December of 2016, it does not appear that plaintiff
could have appealed his new claims at MCSP through the third level of review prior to attempting
to raise them herein.  Proper exhaustion of available administrative remedies is mandatory.
Booth v. Churner, 532 U.S. 731, 741 (2001).  Plaintiff is cautioned that he may delay or prevent
consideration of his retaliation claims if he has not properly exhausted administrative remedies
prior to filing a federal civil rights complaint.

For all of the above reasons, plaintiff's request to amend is denied without prejudice.

III.  Transfer

In plaintiff's original complaint, he named defendants employed at PVSP, MCSP, and at
CDCR headquarters.  However, plaintiff's original complaint was dismissed, and in his amended
complaint, he named Dr. Fortune, who is employed at PVSP, as the sole defendant.  (ECF No.
25.)  The alleged Eighth Amendment violations took place in Fresno County, which is part of the
Fresno Division of the United States District Court for the Eastern District of California.  See
Local Rule 120(d).

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper
division of a court may, on the court's own motion, be transferred to the proper division of the
court.  Therefore, this action will be transferred to the Fresno Division of the court.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff is relieved of his obligation to respond to defendant's motion to dismiss;

2.  Defendant's motion to dismiss (ECF No. 34) is denied without prejudice; Dr. Fortune
shall file a responsive pleading within fourteen days;

3.  Plaintiff's request (ECF No. 33) is denied without prejudice;

4.  This action is transferred to the United States District Court for the Eastern District of
California sitting in Fresno; and

1     5.  All future filings shall reference the new Fresno case number assigned and shall be

2 filed at:

3           United States District Court
          Eastern District of California
          2500 Tulare Street

4           Fresno, CA 93721

5 Dated:  January 26, 2017

6

7 /sing0783.mtd.fte                                                         KENDALL J. NEWMAN
                                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28