UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR., <br><br> Plaintiff, <br><br> vs. <br><br> DR. FORTUNE, et al., <br><br> Defendants. | 1:17-cv-00124-DAD-GSA-PC <br><br> **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 38.)** <br><br> **OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

## I. BACKGROUND

Lamar Singleton, Jr., ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint filed on February 19, 2016, against defendant Fortune ("Defendant") on Plaintiff's medical claim pursuant to the Eighth Amendment. (ECF No. 25.) On January 26, 2017, Plaintiff filed a motion for the court to notify Mule Creek State Prison that he is being retaliated against and that his legal mail is being unnecessarily held and opened, and that this conduct is illegal and will not be tolerated.

The court construes Plaintiff's motion as a motion for preliminary injunctive relief.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

1

interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

**Discussion**

Plaintiff is presently incarcerated at California State Prison-Los Angeles County (LAC) in Lancaster, California. Plaintiff seeks a court order notifying Mule Creek State Prison (MCSP) that he is being retaliated against and that his legal mail is being unnecessarily held and opened. Plaintiff also requests the court to notify MCSP that this conduct is illegal and will not be tolerated.

The court lacks jurisdiction to grant Plaintiff's motion. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Here, the case or controversy requirement cannot be met because the retaliation and mail issues Plaintiff seeks to remedy in his motion bear no relation, jurisdictionally, to the past events giving rise to this suit. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 555 U.S. 488, 491–92, 129 S.Ct. 1142, 1148–49, 173 L.Ed.2d 1 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102–04, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Indeed, it appears that the conduct complained of in this motion concerns events outside of

those alleged in his complaint. Because the case-or-controversy requirement cannot be met, the pendency of this action provides no basis upon which to award Plaintiff injunctive relief. Id.

Additionally, Plaintiff's requests related to events at MCSP are now moot based on his transfer from MCSP to LAC as of April 3, 2017. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (stating that transfer to another prison renders request for injunctive relief concerning prison conditions moot absent some evidence of an expectation of being transferred back).

Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

## III. CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion seeking preliminary injunctive relief, filed on January 26, 2017, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 19, 2017**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE