UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR.,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. FORTUNE, et al.,<br><br>    Defendants. | 1:17-cv-00124-DAD-GSA-PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (ECF No. 47.)<br><br>ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES<br><br>**New Discovery Deadline:**     **10/30/17**<br><br>**New Dispositive Motions Deadline: 12/29/17** |

## I.     BACKGROUND

Lamar Singleton, Jr., ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint filed on February 19, 2016, against defendant Fortune ("Defendant") on Plaintiff's medical claim pursuant to the Eighth Amendment. (ECF No. 25.)

On March 17, 2017, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of August 17, 2017, for the parties to complete discovery, including the filing of motions to compel, and a deadline of October 16, 2017, for the filing of pretrial dispositive motions. (ECF No. 43.)

On June 21, 2017, Plaintiff filed a motion to modify the scheduling order to extend the discovery deadline for sixty days. (ECF No. 47.) Defendant has not opposed the motion.

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff requests a sixty-day extension of the deadline to complete discovery, due to medical issues and lack of access to his legal documents. Plaintiff declares that his medical condition, a tumor on his kidney, has been causing him severe pain, and that he is awaiting a second opinion from the oncologist about his treatment. The court finds that Plaintiff has shown that even with the exercise of due diligence, he cannot meet the discovery deadline established in the court's Discovery and Scheduling Order. Therefore, the court finds good cause to extend the discovery deadline and the dispositive motions deadlines for all parties to this action.

Good cause appearing, the discovery deadline shall be extended to October 30, 2017, for all parties to this action, and the dispositive motions deadlines shall be extended to December 29, 2017, for all parties to this action. Any further requests for extension of deadlines should be filed before the expiration of the existing deadlines.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the court's Discovery and Scheduling Order, filed on June 21, 2017, is GRANTED;

///

2. The deadline for the completion of discovery, including the filing of motions to compel, is extended from August 17, 2017, to **October 30, 2017,** for all parties to this action;

3. The deadline for filing and serving pretrial dispositive motions is extended from October 16, 2017, to **December 29, 2017,** for all parties to this action; and

4. All other provisions of the Court's March 17, 2017, Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **August 6, 2017**          **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE