|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| LAMAR SINGLETON, SR., <br><br> Plaintiff, <br><br> v. <br><br> DR. FORTUNE, et al., <br><br> Defendants. | 1:17-cv-00124 DAD GSA (PC) <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL <br><br> (Document# 52) |

Lamar Singleton, Sr. ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint filed on February 19, 2016, against sole defendant Physician's Assistant Fortune on Plaintiff's medical claim under the Eighth Amendment. (ECF No. 25.) On October 20, 2017, plaintiff filed a motion seeking the appointment of counsel. (ECF No. 52.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff argues that he is unable to afford counsel, lacks access to legal materials, and suffers from serious medical conditions. This alone does not make Plaintiff's case exceptional. In the screening order issued on October 11, 2016, the court found that "[t]he amended complaint states a potentially cognizable Eighth Amendment claim for relief against defendant Dr. Fortune pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) [, and i]f the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action." (ECF No. 28:20-23.) Thus, Plaintiff has a chance of success on the merits if his allegations can be proven. A review of the record in this case shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims, and the court notes that Plaintiff has filed other cases *pro se* in this court and appears able to navigate the federal court system. The legal issue in this case – whether defendant was deliberately indifferent to Plaintiff's serious medical needs – is not complex. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**October 25, 2017**__          __/s/ Gary S. Austin__
                                          UNITED STATES MAGISTRATE JUDGE