UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR SINGLETON, SR., | 1:17-cv-00124-DAD-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (ECF No. 53.) |
| vs. | |
| DR. FORTUNE, et al., | ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES |
| Defendants. | |
| | **New Discovery Deadline:** 12/29/17 |
| | **New Dispositive Motions Deadline: 01/31/18** |

**I.      BACKGROUND**

Lamar Singleton, Jr., ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds with the First Amended Complaint filed on February 19, 2016, against defendant Fortune ("Defendant") on Plaintiff's medical claim pursuant to the Eighth Amendment. (ECF No. 25.)

On March 17, 2017, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of August 17, 2017, for the parties to complete discovery, including the filing of motions to compel, and a deadline of October 16,

2017, for the filing of pretrial dispositive motions. (ECF No. 43.) On June 21, 2017, Plaintiff filed a motion to modify the scheduling order to extend the discovery deadline for sixty days. (ECF No. 47.) On August 7, 2017, Plaintiff's motion was granted, extending the discovery deadline to October 30, 2017, and the dispositive motions deadline to December 29, 2017. (ECF Nos. 47, 48.)

On October 23, 2017, Defendant filed a motion to stay the current deadlines until after Plaintiff's motion for counsel is resolved, or to modify the scheduling order. (ECF No. 53.) Plaintiff has not opposed the motion.

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant requests that the court stay the deadlines set in the August 7, 2017 order until after ruling on Plaintiff's motion to appoint counsel, or to modify the August 7, 2017 scheduling order and reset the currently pending deadline for completion of discovery from October 30, 2017, to December 29, 2017, and to reset the currently pending deadline for dispositive motions from December 29, 2017, to January 31, 2018. Defense counsel, Deputy Attorney General Vickie Whitney (Counsel), asserts that she was assigned to this case on or about August 13, 2017, upon the departure of former defense counsel. (Whitney Decl. ¶1.) On August 13, 2017, using Plaintiff's signed release, Counsel requested Plaintiff's medical records from California State Prison, Los Angeles County. (Id. ¶2.) Counsel reviewed the status of discovery, found that Plaintiff's discovery responses were deficient, and sent Plaintiff a meet

and confer letter giving Plaintiff until September 5, 2017 to provide further and complete responses. (Id. ¶¶3, 4.) Plaintiff did not respond to the letter, and on September 29, 2017, Counsel filed a motion to compel. (Id. ¶4.) As of October 23, 2017, Plaintiff had not propounded any discovery or responded to the motion to compel. (Id.) On October 20, 2017, Plaintiff filed a motion for appointment of counsel, but did not mention his failure to provide discovery responses, to respond to defense counsel's letter, or to respond to the motion to compel. (Id. ¶6.) Counsel seeks additional time to complete discovery, including the taking of Plaintiff's deposition. (Id. ¶¶7, 8, 9.)

### III. DISCUSSION

Plaintiff's motion for appointment of counsel was denied by the court on October 25, 2017, rendering Defendant's motion to stay the current deadlines moot. However, the court finds that defense counsel has shown that even with the exercise of due diligence, she cannot meet the deadlines established in the court's Discovery and Scheduling Order. Therefore, the court finds good cause to extend the discovery deadline and the dispositive motions deadlines for all parties to this action.

Good cause appearing, the discovery deadline shall be extended to **December 29, 2017**, for all parties to this action, and the dispositive motions deadlines shall be extended to **January 31, 2018**, for all parties to this action. Any further requests for extension of deadlines should be filed before the expiration of the existing deadlines.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to stay deadlines or modify the court's Discovery and Scheduling Order, filed on October 23, 2017, is GRANTED;
2. The deadline for the completion of discovery, including the filing of motions to compel, is extended from October 30, 2017, to **December 29, 2017**, for all parties to this action;
3. The deadline for filing and serving pretrial dispositive motions is extended from December 29, 2017, to **January 31, 2018**, for all parties to this action; and

4. All other provisions of the Court's March 17, 2017, Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **November 27, 2017**             **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE